UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO.:

SHELLY STEVENSON,
an Individual,

        Plaintiff,

v.

AMERICAN RESTAURANTS
GROUP, INC., d/b/a DENNY'S,
a Florida Profit Corporation

        DEFENDANT.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHELLY STEVENSON ("Plaintiff"), by and through her undersigned counsel, sues the Defendant, AMERICAN RESTAURANTS GROUP, INC., d/b/a DENNY'S ("Defendant,") and alleges the following:

1. Plaintiff brings these claims for subjecting her to sexual harassment, retaliation, and ultimately termination in violation of the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is an adult individual.

3. Defendant is a Florida Profit Corporation which conducts business in, among other places, Gadsden County, Florida, and is therefore within the jurisdiction of the Court.

4. The Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 as they arise under 42 U.S.C. § 2000e et seq.

5. The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as they are so related to Plaintiff's Title VII claims, that together, they form part of the same case or controversy.

6. Venue is proper because Defendant conducts substantial business in Gadsden County, Florida, and Plaintiff worked for Defendant in Gadsden County, Florida, where the actions at issue took place.

7. At all times relevant hereto, Plaintiff was an employee of Defendant.

8. At all times material, Plaintiff was protected during her employment with Defendant by Title VII and the FCRA because:

    (a) Plaintiff faced sexual harassment and sex-based discrimination;

    (b) Plaintiff was subjected to a hostile work environment due to discrimination based on sex;

    (c) Plaintiff suffered an adverse employment action and was subjected

to an increasingly hostile work environment based on sexual harassment, including being terminated for same.

9. Defendant was at all times an "employer" as envisioned by the Title VII and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

10. On or around September 13, 2023, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

11. On or about April 8, 2025, Plaintiff received her Notice of Right to Sue from the EEOC.

12. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendant in Midway, Florida, from October 20, 2022, until her termination on or about December 18, 2022.

14. Shortly after Plaintiff began employment with Defendant, her Manager, Marco, began harassing Plaintiff sexually by rubbing up against her, licking his lips ostentatiously while ogling her, and other sexually inflamed behaviors.

15. Worse, Marco asked Plaintiff to send him naked pictures of herself, and to eat food "sexy."

16. In late November of 2022, and again in early December of 2022, Plaintiff objected to Marco that she was there at Denny's to work, and did not feel comfortable with the heavy sexual pressure, and that Defendant's actions violated, inter alia, Title VII and the FCRA.

17. Plaintiff's objections served only to inflame Marco further.

18. On December 18, 2022, Marco entered the cooler with Plaintiff, and at that time pushed Plaintiff's head down towards his groin, as though expecting Plaintiff to provide oral gratification to his private parts.

19. Disgusted, alarmed, terrified, and humiliated, Plaintiff reiterated her above-noted objections to Defendant's discrimination, abuse, and harassment based on sex, and to Defendant's above-noted violations of law in connection therewith.

20. On or about December 18, 2022, Marco took Plaintiff off the schedule in retaliation for Plaintiff's objections to the discrimination, abuse, and harassment, and to Defendant's violations of law.

21. Any other "reason" theorized after the fact by Defendant or its attorneys for Defendant's treatment and termination of Plaintiff is pure pretext.

22. Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons, based on her objection to the sexual harassment to which she was being subjected.

23. By reason of the foregoing, Defendant's actions affected the "terms,

4

conditions or privileges" of Plaintiff's employment as envisioned by the Florida Civil Rights Act.

24. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

25. Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment and retaliation suffered by Plaintiff.

26. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

27. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

28. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and ultimately termination for objecting to same.

29. Defendant failed to take any remedial measures in response to Plaintiff's objections to unlawful discrimination/harassment and other violations of law.

30. As a result of the severe and pervasive discrimination/harassment, and the lack of any remedial action taken in response to objections to discrimination/harassment, Defendant created a hostile work environment.

31. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive hostile working environment due to sexual harassment pursuant to the FCRA.

32. Plaintiff's termination was due to the hostile work environment caused by Defendant's acts of sex-based discrimination and sexual harassment, and its failure to take prompt remedial measures to alleviate sexual harassment, discrimination based on sex, and retaliation as the law requires, and in retaliation for Plaintiff's objections to Defendant's violations of law, or what she reasonably believed to be violations of law.

33. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, Defendant's failure to remedy the illegal conduct, and her termination, is sufficiently close to create the necessary nexus between the events.

34. Plaintiff was treated in a disparate manner from her counterparts as a result of her sex.

35. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

36. Defendant's adverse employment action against Plaintiff was taken in retaliation for her sex and for her objections to Defendant's discrimination and harassment based on sex.

37. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

38. As a result of Defendant's unlawful and retaliatory termination, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

39. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:
## SEX DISCRIMINATION/SEXUAL HARASSMENT PURSUANT TO TITLE VII: HOSTILE WORK ENVIRONMENT

40. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 39 as if fully set forth in this Count.

41. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

42. Defendant subjected Plaintiff to severe and/or pervasive harassment of a sexual manner that a reasonable woman in Plaintiff's position would have found the environment to be hostile and abusive.

43. The conduct of Marco was unwanted, without consent, objected to, and offensive to Plaintiff.

44. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

45. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

47. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT II:
SEX DISCRIMINATION/SEXUAL HARASSMENT PURSUANT TO THE FLORIDA CIVIL RIGHTS ACT: HOSTILE WORK ENVIRONMENT**

48. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 39, as if fully set forth in this Count.

49. The acts of Defendant, by and through its agents and employees, violated

8

Plaintiff's rights against sexual harassment/sex discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

50. Defendant subjected Plaintiff to severe and/or pervasive harassment of a sexual manner that a reasonable woman in Plaintiff's position would have found the environment to be hostile and abusive.

51. The conduct of Marco was unwanted, without consent, objected to, and offensive to Plaintiff.

52. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against

Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III:
## RETALIATION UNDER TITLE VII BASED ON OBJECTIONS TO ILLEGAL DISCRIMINATION/HARASSMENT

56. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 39 as if fully set forth in this Count.

57. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

58. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal sexual harassment/sex discrimination to which she was being subjected.

59. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful and wanton, and in such reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV: RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON OBJECTIONS TO ILLEGAL DISCRIMINATION/HARASSMENT

63. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 39, as if fully set forth in this Count.

64. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

65. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal sexual harassment to which she was being subjected.

66. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

69. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

70. WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

*<u>(Remainder of page left intentionally blank)</u>*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 7th day of July, 2025.

                                       Respectfully submitted,

                                       **/s / NOAH S. STORCH**
                                       Noah E. Storch, Esq.
                                       Florida Bar No. 0085476
                                       RICHARD CELLER LEGAL, P.A.
                                       7951 SW 6th St, Suite 316
                                       Plantation, FL 33324
                                       Telephone: (866) 344-9243
                                       Facsimile: (954) 337-2771
                                       E-mail: noah@floridaovertimelawyer.com

                                       *Trial Counsel for Plaintiff*